Bilbrey, J.
Petitioner seeks second-tier certiorari review of the circuit court's order denying first-tier certiorari relief from the final order of the Department of Highway Safety and Motor Vehicles (DHSMV). DHSMV had affirmed the revocation of Petitioner's driver's license for a period of five years, under the terms of section 322.28(2)(a)2., Florida Statutes (2013). Our standard for second-tier certiorari review of the circuit court's order is limited to "(1) whether the lower tribunal afforded procedural due process and (2) whether the lower tribunal applied the correct law." Wiggins v. Fla. Dep't of Highway Safety & Motor Vehicles , 209 So.3d 1165, 1171 (Fla. 2017). Petitioner does not assert any challenge to the process he was afforded. Because the circuit court applied the correct law, we deny the writ.
The pertinent facts are not in dispute. Petitioner was arrested on two separate occasions for driving under the influence, in violation of section 316.193, Florida Statutes. The first arrest occurred on October 5, 2013, and the second on October 16, 2013. After accepting pleas in both cases, the court convicted Petitioner of both offenses on November 21, 2013. Upon the conviction for the offense committed October 16, 2013, DHSMV revoked Petitioner's driver's license for five years, pursuant to section 322.28(2)(a) 2, Florida Statutes.
At each opportunity for review, Petitioner challenged the duration of the revocation contending that section 322.28(2)(a) 2.
*662 did not apply to the sequence of events in his case. It provides:
322.28 Period of suspension or revocation.-
* * *
(2) In a prosecution for a violation of s. 316.193... the following provisions apply:
(a) Upon conviction of the driver, the court, along with imposing sentence, shall revoke the driver license or driving privilege of the person so convicted, effective on the date of conviction, and shall prescribe the period of such revocation in accordance with the following provisions:
* * *
2. Upon a second conviction for an offense that occurs within a period of 5 years after the date of a prior conviction for a violation of the provisions of s. 316.193... the driver license or driving privilege shall be revoked for at least 5 years.
* * *
(e) Convictions that occur on the same date resulting from separate offense dates shall be treated as separate convictions, and the offense that occurred earlier will be deemed a prior conviction for the purposes of this section.
Because Petitioner's second offense occurred on October 16, 2013, but the convictions were both entered November 21, 2013, Petitioner asserts that his second offense did not occur "after the date of a prior conviction" and thus could not subject him to the five year revocation provided in section 322.28(2)(a) 2.
Contrary to Petitioner's position, the circuit court did not fail to apply the correct law in denying the writ of certiorari for review of DHSMV's action. Section 322.28(2)(e) clearly provides that "the offense that occurred earlier will be deemed a prior conviction for purposes of this section." Applying this language to the sequence of events in this case, the offense that occurred on October 5, 2013, is "deemed a prior conviction," even though the actual conviction for that offense was not entered until November 21, 2013.
We need not resort to statutory construction principles because the plain meaning of the statute's text is clear. "To discern legislative intent, this Court looks first to the plain and obvious meaning of the statute's text, which a court may discern from a dictionary." West Fla. Reg'l Med. Ctr., Inc. v. See , 79 So.3d 1, 8 (Fla. 2012). To "deem" is "to treat (something) as if ... it were really something else...." Black's Law Dictionary 446 (8th ed. 2004). "It is a formal word often used in legislation to create legal fictions; that is, a statute may provide that something is or is not to be deemed something else." Bryan A. Garner, A Dictionary of Modern Legal Usage 254 (2nd ed. 1995). Section 322.28(2)(e) creates the legal fiction that the October 5, 2013, offense is a "prior conviction" for purposes of the applicable period of revocation of Petitioner's driver's license under section 322.28(2)(a) 2. The October 16, 2013, arrest occurred after October 5, 2013, and thus, by operation of statute, the conviction for the October 16 offense on November 21, 2013, constituted a "second conviction for an offense that occurs within a period of 5 years after the date of a prior conviction" under section 322.28(2)(a) 2.
In light of the clear language of section 322.28, including the legal fiction created by section 322.28(2)(e), Petitioner fails to show that the circuit court departed from the essential requirements of law by denying the writ of certiorari for review of the final agency action. The petition for second-tier *663 certiorari review by this Court is therefore DENIED .
Ray and Winokur, JJ., concur.